MEI QIN LIN, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–3509–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Charles Christophe, Christophe & Associates, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Christopher C. Fuller, Senior Litigation Counsel, Ada E. Bosque, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B. D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Mei Qin Lin, a native and citizen of the People's Republic of China, seeks review of a July 23, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Mei Qin Lin*, No. A97 449 506 (B.I.A. Aug. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't. of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ As an initial matter, we decline to consider Lin's argument that the BIA should have reopened her proceedings *sua sponte*, because we lack jurisdiction over such determination. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Moreover, our review is limited to the BIA's denial of Lin's motion to reopen, and we are precluded from reviewing the merits of the underlying removal proceedings. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005)(per curiam).

■ We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. The regulations provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). In its denial of Lin's motion, the BIA properly found that Lin failed to present new and material evidence to warrant the reopening of her case. Indeed, as the BIA found, some of the documents that Lin presented with her motion had been previously submitted to the IJ and thus did not constitute new evidence; others, namely, the letters from her family members, ex-husband, the U.S. Department of State 2004 Asylum Profile, issued in June 2004, the UN report, dated February 20, 2002, and the Congressional transcript, dated December 14, 2004, were previously available and could have been discovered and presented to the IJ; and the balance of the evidence would not alter the result in her case because she failed to

overcome the IJ's adverse credibility determination.[2] Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen.

While Lin's motion asserted that the evidence she submitted was previously unavailable because her attorney failed to inform her of the need to provide corroboration, the BIA properly found that explanation unavailing, as Lin did not make a claim for ineffective assistance of counsel or show any compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Moreover, the BIA permissibly found that Lin's alternate explanations, *i.e.*, that her relatives were afraid of submitting letters in support of her claim and that her mother was illiterate, were inconsistent with her ability to submit letters from them with her motion. Lin's brief to this Court now asserts that the evidence she submitted was previously unavailable, but fails to address the concerns articulated by the BIA. Nowhere in her brief does she support her contention that the evidence she submitted with her motion was previously unavailable. Accordingly, Lin's argument fails.

Moreover, the BIA properly found that Lin failed to establish *prima facie* eligibility for relief based on the birth of her child in the United States. Lin did not present evidence to show that the birth of her child would be considered a violation of the family planning policy in China, since she has only one child. While she asserts that she wishes to have more children in the future, the BIA properly found that claim "too attenuated" to establish a present claim for relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

2. Lin did not file a petition for review challenging the BIA's affirmance of the IJ's decision, and thus failed to challenge the adverse credibility determination that was made against her. *See Kaur*, 413 F.3d at 233.

